186 So. 140

## ADAMS v. STATE.
### 4 Div. 995.

Supreme Court of Alabama.
Jan. 26, 1939.

J. L. Giddens, of Troy, for appellant.

A. A. Carmichael, Atty. Gen., and Effie Crittenden, Asst. Atty. Gen., for the State.

BOULDIN, Justice.

Appellant, Grady Adams, was indicted for the murder of Ella Landers, by shooting her with a gun. On the trial he was convicted of murder in the first degree and his punishment fixed at death.

The evidence for the State disclosed that the deceased, a small, aged woman, was the aggressor in the beginning, belaboring the defendant with a stick in the road or street in front of defendant's place of residence. Some evidence tends to show she broke the stick, and fell. In any event, the defendant left her, went into the house, got his rifle, approached her, pushed her from him and fired, the bullet entering near the heart and causing speedy death.

The record is brief. The few exceptions reserved to rulings on evidence are so obviously without merit as to call for no discussion.

No issue of self-defense was presented in the evidence. Without dispute, after the first affray, defendant went into the house, got his gun, returned to the scene, and willingly renewed the fight, if indeed the deceased made any hostile demonstration after he appeared with the gun.

The doctrine of retreat on one's own premises was, therefore, not involved. However, the court in his oral charge fully and correctly stated this doctrine. Special refused charges, on that line, if otherwise correct, present no ground for reversal.

The trial court clearly and fully defined a malicious, willful, deliberate and premeditated killing, murder in the first degree, emphasizing the intent to kill as an element of this high offense. For this, if not for other reasons, charges 5 and 9 were refused without error.

The only grave question for the jury was whether there was such provocation from blows received by defendant, arousing sudden passion, as to create a reasonable doubt, of the presence of malice, or of that deliberation which is essential to murder in the first degree. Clearly these questions were for the jury, upon consideration of all the evidence.

Finding murder in the first degree, the imposition of the death penalty rather than imprisonment for life was wholly within the province of the jury, not subject to disturbance by the courts.

We find no error in the record.

Affirmed.

GARDNER, THOMAS, BROWN, FOSTER, and KNIGHT, JJ., concur.